IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UA PLUMBERS 63 & STEAMFITTERS 353 JOINT PENSION TRUST FUND, EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS 63 EDUCATIONALTRUST FUND, PLUMBERS LOCAL 63 ANNUITY BENEFIT PLAN, MID-ILLINI MECHANICAL CONTRACTORS ASSOCIATION INDUSTRY FUND, WEST CENTRAL BUILDING TRADES COUNCIL CHECK OFF, POLITICAL EDUCATION COMMITTEE FUND, TRI-COUNTY CONSTRUCTION LABOR-MANAGEMENT COUNCIL, PIPE TRADES DISTRICT COUNCIL #34, AND UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING INDUSTRY OF THE UNITED STATES AND CANADA LOCAL #63<br>      Plaintiffs,<br>v.<br>WIEGAND PLUMBING, INC.,<br>      Defendant. | Case No. 1:15-cv-01150-SLD-JEH |

ORDER

Before the Court is the parties' Amended Joint Motion for Entry of a Consent Decree, ECF No. 13.  The parties have stipulated to dismissal of their case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and request that the Court retain jurisdiction over this matter for the purpose of enforcing a consent decree containing the terms of their settlement.  For the reasons below, the motion for entry of the consent decree is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE.  The Court has adopted the parties' proposed consent decree below.

1

## BACKGROUND

Plaintiffs UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund, et al. ("UA Plumbers") filed suit against Defendant Wiegand Plumbing ("Wiegand") for delinquent contributions to employee benefit funds and other monies owed pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. §141 *et seq.* ("LMRA").  *See* Complaint 7, ECF No. 1.  Shortly after filing the complaint, the parties reported that they were working toward resolution of the claim, pending calculation of the amounts owed by Wiegand, and that Wiegand had begun to make payments.  Status Report, June 24, 2015, ECF No. 4.  The parties submitted a proposed consent decree, Joint Mot. Entry Consent Decree, Dec. 15. 2015, ECF No. 11, but the Court took issue with certain provisions of that initial proposal for the reasons described in its September 20, 2016 Order, ECF No. 12.  The Court requested, and the parties provided, an amended proposed consent decree, ECF No. 13-1, which the Court considers below.

## DISCUSSION

### I. Legal Standard for Entry of Consent Decree and Retention of Jurisdiction

A consent decree is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation."  *U.S. v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002) (citing *U.S. v. Witco Corp.*, 76 F. Supp. 2d 519, 525 (D. Del. 1999)).  Parties who enter into a settlement agreement may request that the court enter a consent decree—binding the parties pursuant to the requirements enunciated by Rule 65(d)—and dismiss the case without prejudice pursuant to Rule 41(a).  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377–82 (1994); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006).  This procedure is necessary because federal courts are courts of limited jurisdiction, and cannot

simply "retain jurisdiction" by a mere statement that they intend to enforce a settlement agreement. *See Blue Cross*, 467 F.3d at 636 (holding that district court's order that it "retained jurisdiction" to enforce settlement agreement was ineffectual after a dismissal of the underlying claim because the order intended to bind the parties and thus was an injunction, but did not comply with Rule 65(d), "compliance with which would have made the continuance of federal jurisdiction clear[.]"). It is clear in the Seventh Circuit that one reliable source of a district court's power to retain jurisdiction over a case after the original case or controversy has been resolved in a dismissal or judgment is compliance with rule 65(d); doing so permits the Court to act to enforce the settlement pursuant to its original source of jurisdiction. *See id.* at 638("Indeed, if the settlement had been entered as a consent decree, as it should have been, the original federal-question jurisdiction would have sufficed."); *Kokonnen*, 467 F.3d . at 377 ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree[.] (citations omitted)).

When utilizing this option, the parties' proposed consent decree must comply with the requirements for an injunction laid out in the Federal Rules. That is, the proposed order must: "(a) state the reasons why it [should be] issued; (b) state its terms specifically; and (c) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d). Once the decree is entered, the case may be dismissed by the parties pursuant to Rule 41(a)(1). *See Kokonnen*, 511 U.S. at 381–82. Because the terms of the settlement have been drafted into a court order, the court may then enforce the settlement by way of contempt proceedings (or whatever else the decree authorizes the court to do in light of a breach).

## II. Analysis

In its previous order, the Court noted problems with the proposed decree that resulted in non-compliance with Rule 65(d). Order 4–5, September 20, 2016. These problems have been addressed in the amended proposal. A "sufficiently precise and self-contained" injunction will comply with Rule 65(d). *Dexia Credit Local v. Rogan*, 602 F.3d 879, 884 (7th Cir. 2010) (citing *PMC, Inc. v. Sherwin-Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998) (holding that 65(d) compliance requires of an injunction that "a person subject to it who reads it and nothing else has a sufficiently clear and exact knowledge of the duties it imposes on him that if he violates it he can be adjudged guilty of criminal contempt.")). The injunction at issue in this case requires a set number of twenty-four discrete payments, made monthly and totaling $72,000; the parties have spelled out the manner in which payments are to be made, and have specified that "fail[ure] to make any payment" constitutes a breach of the agreement which may result in contempt proceedings or entry of judgment for the then-remaining amount owed. Am. Proposed Consent Decree 2–3, ECF No. 13-1. Additionally, the parties have stricken the language the Court identified in its previous order as overly broad. *See* Joint Mot. Entry Consent Decree 2, December 15, 2015 (asking the Court, in the parties' initial proposed consent decree, to retain jurisdiction "for all other purposes related to this matter.") The proposed order now provides only that the Court will retain jurisdiction "for the purpose of implementing and enforcing the terms and conditions of this Consent Decree." Am. Proposed Consent Decree 2.

The parties deem this arrangement sufficient to settle their dispute over Wiegand Plumbing's alleged failure to pay required contributions to employee funds, and the Court accepts and adopts this reason for entry of the injunction. *See* Fed. R. Civ. P. 65(d)(1)(A). Based on the above-mentioned terms of the amended proposed consent decree, the Court finds that the

parties have stated the terms of payment with specificity, *see* Fed. R. Civ. P. 65(d)(1)(B). The Court also finds that the proposed decree describes in "reasonable detail" the acts required of the parties, in compliance with Fed. R. Civ. P. 65(d)(1)(C), such that the parties can easily determine when a breach has occurred and the consequences of that breach. *See PMC, Inc.*, 151 F.3d at 619. *See also H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 843 (7th Cir. 2012) (providing district courts with broad discretion to determine the scope of an injunction under Rule 65(d)(1)(C)).

In view of these modifications, the Court finds that the Seventh Circuit's requirements for a district court to adopt a consent decree by way of compliance with Federal Rule of Civil Procedure 65(d) have been satisfied. The Court enters and adopts the decree, and incorporates the parties' proposed text, verbatim, below.

### III. The Amended Proposed Consent Decree

THIS MATTER, coming on to be heard by agreement of the Parties, and the Parties having reached a compromise, and the Parties having stipulated and agreed to the entry of this Consent Decree, and the Parties having requested that the court retain jurisdiction to enforce the terms of their agreement under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994), and the Court being fully advised in the premises HEREBY MAKES THE FOLLOWING FINDINGS:

1. This Court has jurisdiction over this matter pursuant to the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2. The Parties have reached an agreement that resolves the matters at issue in this case, without the need for trial or adjudication of any issue of law or fact.

3. The Parties have moved the Court to enter a Consent Decree to further ensure compliance with the settlement.

4. The Parties agree that this Court shall retain jurisdiction over this action and jurisdiction over the Parties for the purpose of implementing and enforcing the terms and conditions of this Consent Decree.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED AS FOLLOWS:

A. The Court shall retain jurisdiction over this action and over the Parties for the purposes of enforcing the terms of this Consent Decree.

B. Defendant shall pay the Plaintiffs the sum of $72,000.00 for fringe benefit contributions, interest, liquidated damages, and a portion of attorney's fees and costs arising out of collection efforts.

C. Specifically, Defendant shall pay the Plaintiffs the sum of $72,000.00 over a twenty-four (24) month period by making twenty-four (24) monthly payments to the Plaintiffs, with the first of these twenty-four monthly payments under this Consent Decree due to Plaintiffs on or before November 30, 2016,[1] and each subsequent payment due on or before the 30th day of each month thereafter until the sum of $72,000.00 is paid in full.

D. The above-referenced payments shall be made payable to the "Plumbers #63 and Steamfitters #353 Trust Funds" and mailed to the law offices of Cavanagh & O'Hara LLP at 2319 West Jefferson Street, Springfield, Illinois 62702.

---

[1] The parties' Amended Proposed Consent Decree included an initial payment date of October 30, 2016. However, since the Court's order did not issue until after that date, the Court, sua sponte, amended that date to November 30, 2016. If the parties object to the Court's amendment of the date, they may move for relief as necessary.

E.	The Defendant shall be in breach of this Consent Decree if Defendant fails to make any payment under this Consent Decree in the amount required and when due, or fails to fulfill and/or comply with any other term, provision or obligation of this Consent Decree. Upon any breach by Defendant, the Plaintiffs shall have the right to institute the usual and customary proceedings available under applicable law against the Defendant for violation of a consent decree. In addition to those rights, Plaintiffs shall be immediately entitled to petition the Court to reopen this case and enter a judgment against Defendant and in favor of the Plaintiffs for all sums then owed to the Plaintiffs under the terms and provisions of this Consent Decree, which sums Defendant stipulates to in the event of a default.

F.	Nothing in this Consent Decree shall be construed to limit or bar Plaintiffs from pursuing claims for delinquent contributions, interest, liquidated damages, or any other additional sums to which the Plaintiffs may be entitled to from the Defendant.

G.	The terms and provisions of this Consent Decree shall be binding upon and inure to the benefit of the Parties' successors and assigns.

## CONCLUSION

The parties' Amended Joint Motion for Entry of a Consent Decree, ECF No. 13, is GRANTED.  Plaintiffs' complaint, ECF No. 1, is dismissed without prejudice.

Entered November 15, 2016

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE